IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN W. REESE,

    Petitioner,        CASE NO. 2:09-CV-188
                              JUDGE JAMES L. GRAHAM
v.                              MAGISTRATE JUDGE E.A. PRESTON DEAVERS
WARDEN, TRUMBULL
CORRECTIONAL INSTITUTION,

    Respondent.

## OPINION AND ORDER

On January 10, 2011, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's objections (Doc. 12) are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner objects to all of the Magistrate Judge's recommendations. He again argues that the state appellate court's decision rejecting his claim that he was denied the effective assistance of counsel constituted an unreasonable application of federal law and an unreasonable determination of the facts. Petitioner contends that his learning disabilities diminished his ability to understand the consequences of his guilty plea, specifically that he would be sentenced to a term of life imprisonment, and rendered his guilty plea involuntary. Petitioner again contends that the transcript of his guilty plea supports his allegation that he did not understand that he would be sentenced to life incarceration. He maintains that, had he understood he was accepting a plea for life imprisonment, he would have had nothing to loose by going to trial and would not have given up right to a jury trial. Petitioner argues that, although he was sentenced pursuant to the joint recommendation of the

parties, his sentence nonetheless violated *Blakely v. Washington,* 542 U.S. 296 (2004), because the trial court engaged in judicial fact-finding to support imposition of maximum consecutive terms of incarceration. Finally, Petitioner objects to the Magistrate Judge's denial of his request for an evidentiary hearing. He argues that, even without off-the-record evidence to support his claim(s), an evidentiary hearing is warranted because the record does not conclusively establish he is entitled to no relief.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Upon careful consideration of the entire record, this Court is not persuaded by Petitioner's arguments. Despite Petitioner's contentions to the contrary, the record fails to support his claim that he did not understand the consequences of his guilty plea, that counsel coerced him into pleading guilty, or that he was denied effective assistance of counsel under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52 (1985). Because the trial court sentenced Petitioner pursuant to the joint recommendation of the parties, this Court is not persuaded that the record reflects any error of constitutional magnitude. Further, imposition of consecutive terms of incarceration based upon judicial fact-finding is not constitutionally prohibited. *Oregon v. Ice*, 129 S.Ct. 711 (2009). The record fails to reflect that an evidentiary hearing is required under 28 U.S.C. § 2254(e)(2), or that a hearing is otherwise required for resolution of Petitioner's claims.

For these reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

It is so ORDERED.

                                              s/ James L. Graham
                                              JAMES L. GRAHAM
                                              United States District Judge

DATE: January 28, 2011